NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—January, 1883.

LEDWITH v. LEDWITH.

*In the matter of the application of* JOSEPH M. LEDWITH *for the appointment of a general guardian of his person and of his property.*

Code Civ. Pro., § 2826 does not confer upon an infant of fourteen years or upwards, plenary authority to emancipate himself, at pleasure, from.

parental control.  The provision of that section, that a general guardian of such an infant, appointed upon his application, "must be nominated by the infant, subject to the approval of the Surrogate," affords no support for the claim that such an infant, having no testamentary or general guardian, has an absolute right, even though his parents are living, to demand from the Surrogate's court the appointment of a guardian, and of whatever guardian he may be pleased to nominate, provided only that the nominee be, in the Surrogate's judgment, a proper person to execute the trust.  The Surrogate has a discretion to determine whether the interests of the infant will be promoted by the appointment of any guardian.

Code Civ. Pro., § 2823, requiring that, if either parent be known to be living, and be not the nominee, " the petition must set forth the circumstances which make the appointment of another person expedient," implies that, unless such expediency be proven, no such other person should receive letters.

A corporation may receive letters of general guardianship of an infant's property.

APPLICATION for the appointment of a general guardian of an infant's property and person.  The facts appear sufficiently in the opinion.

BOARDMAN & BOARDMAN, *for petitioner.*

EDWIN MORE, *for Thomas A. Ledwith, opposed.*

THE SURROGATE.—The petitioner, who has recently become fourteen years of age, and who has both real and personal estate, sets forth circumstances which, as he claims, render expedient the appointment of a guardian, for both his person and his property.  His father, who is his only relative residing in this county, is declared by him to be an unsuitable person to receive the appointment, and he, accordingly, asks that the Union Trust Company of New York be granted letters, as the guardian both of his property and of his person.  A supplemental petition so amends the first as to nominate one Mary P. Devlin in the latter capacity.

The father has appeared in this proceeding, and does not oppose the granting, to some other person than himself, of letters of guardianship of the son's property. He suggests, however, that some private individual should receive this appointment, rather than the corporation nominated in the petition.

Under the provisions of § 2826 of the Code of Civil Procedure, it is clear that the person who receives the appointment must be one who has been first nominated by the infant himself, in cases where such infant is fourteen years old or upwards.   But I decline to sanction the claim which is made by petitioner's counsel, as to the proper interpretation of that section.   He insists that, whenever a child has reached the age of fourteen years and has no testamentary or general guardian, he has an absolute right, even though his parents are living, to demand from the Surrogate's court the appointment of a guardian, and of whatever guardian he may be pleased to nominate, provided only that the nominee must, in the judgment of the Surrogate, be a proper person to execute the trust.

I certainly shall not hold that an infant of fourteen years has this plenary authority to emancipate himself at pleasure from parental control, unless the language of the law forbids me to give it other interpretation, and such is by no means the case.   This will appear from an examination of that section of the Code which has been already cited, and of the preceding sections in the same title.

Section 2821 limits the authority of the Surrogate to cases and circumstances in which the Chancellor could act before the adoption of the constitution of 1846.   Sec-

tion 2823 requires that, if either the father or the mother of the applicant is known to be living, and his or her appointment is not prayed for, *"the petition must set forth the circumstances which make the appointment of another person expedient."*

These italicized words are manifestly inconsistent with the claim which is here set up.   For to require the insertion, in the petition, of any allegation as to the "circumstances" referred to in the section, would be utterly nugatory, if the fitness of the person nominated were the only question for the Surrogate's decision.   A fair implication, from these words alone, is that, unless the appointment of some other person than the father or mother is shown to be expedient, no such other person should be granted letters.

That this is the correct construction of that section appears also from the language of section 2825.   Before making a decree, the Surrogate must be "satisfied that the allegations of the petition are true, and that the interests of the infant will be promoted by the appointment of a general guardian, either of his person or of his property."

As far as the present application asks for the appointment of a guardian of property, it is granted.   The respondent's objection to the corporation nominated does not seem to me to be well founded.   Letters may issue therefore to the Union Trust Company.   I do not, however, upon the evidence now before me, feel warranted in granting the prayer of the supplemental petition, asking for the appointment of a guardian of the person. I am not satisfied that the interests of the infant will be promoted by my appointing the person whom he has

nomin?ted.    Indeed, for aught that the evidence dis-
closes, there is no present necessity for the appointment
of any person whomsoever.